UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61907-CIV-HUCK/SIMONTON

KARYN CHAUVE,

    Plaintiff,

v.

COSTA CROCIERE, S.p.A.,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

Presently pending before the Court is Plaintiff's Motion To Compel (DE # 64).  This motion is referred to the undersigned Magistrate Judge (DE # 9).  The motion is fully briefed (DE ## 39, 41).  On October 5, 2007, the undersigned held a hearing on the motion, at which time oral rulings were announced with respect to each discovery dispute.  All oral rulings made at the hearing are part of this Order.  For the reasons stated below, Plaintiff's motion to compel is granted in part and Plaintiff's request for Rule 37 sanctions is denied.

    I. **Background**

Plaintiff Karen Chauve has filed a one-count Complaint alleging that, on or about December 26, 2006, she was a paying passenger aboard Defendant Costa Crociere's vessel, M.V. Costa Allegra (hereafter Costa Allegra), when she was injured as a result of Defendant's negligence.  Plaintiff alleges that on December 26, 2006, she was transferring from the Costa Allegra to a tender owned and operated by Defendant (hereafter the Tender), as part of an authorized excursion, and that Defendant was negligent in failing to provide support for Plaintiff as she entered the Tender following her descent down steps leading from the Costa Allegra.  Plaintiff alleges that as the

Tender rocked against the Costa Allegra, she fell and was injured (DE # 1).[1]

Defendant has filed an Answer to the Complaint and Affirmative Defenses (DE # 15).

This motion followed.

II. **The Parties' Positions**

A. **Plaintiff's Motion**

Plaintiff initially states that Defendant was required to list its expert witnesses by July 16, 2007 and to provide expert witness reports by July 26, 2007.  Plaintiff contends that Defendant's counsel stated that there were no defense experts, but that on August 29, 2007, Defendant filed a notice of filing expert witness disclosures, naming two putative expert witnesses and not providing any expert reports.  Plaintiff states that she has been prejudiced by the late filing and asks that Defendant should not be able to use these expert witnesses.

Plaintiff's counsel states that he did not confer with Defendant's counsel after receiving the answers to interrogatories and the responses to requests for production because he had previously conferred with Defendant's counsel, had allowed Defendant to provide discovery counsel out-of-time, and was advised that there would be no defense experts witnesses.  Plaintiff's counsel states that he does not believe the Local Rules required him to again confer with Defendant's counsel after receiving the discovery responses due to the exigencies of the trial schedule and because Defendant's counsel had misled him at the first conference.

---

[1] On April 24, 2007, pursuant to a joint stipulation of dismissal, the Court dismissed with prejudice Defendants Carnival Corporation and Costa Cruise Lines, N.V., L.L.C. (DE # 20).

**Plaintiff objects to the answers to interrogatories provided by Defendant's counsel, which were based upon counsel's information and belief.**

**Plaintiff also asks that Defendant be required to provide better responses to Requests for Production 1, 5, 6, 8, 9, 11-14 and 16-18, and Interrogatory 11, and that Defendant be sanctioned for its discovery failures by having its pleading struck (DE # 33).**

**B.  Defendant's Response**

**Defendant initially responds that Plaintiff's motion should be denied for failure to comply with Local Rule 7.1 A. 3, in that, before filing the instant motion, Plaintiff's counsel did not confer with Defendant's counsel in an attempt to resolve the issues.**

**Next, Defendant contends that at the time of the telephone conference at which the witness list and responses to discovery were discussed, Defendant's counsel told Plaintiff's counsel that Defendant had not retained a liability expert.  Counsel also discussed setting the deposition of Plaintiff's husband and arranging a Rule 35 medical examination by Dr. Meli, and that Plaintiff agreed to that.  Counsel further discussed whether the medical doctors should be disclosed as experts and agreed that doing so was unnecessary.  Defendant's counsel notes that Defendant's witness list, filed August 28, 2007 names Dr. Meli as an expert witness (DE # 25).  Defendant concedes that it untimely informed Plaintiff that it was retaining a liability expert.  Defendant states that Plaintiff has not been prejudiced by the untimely listing of experts, and that Defendant will work to allow expert depositions.  Defendant has no objection to Plaintiff calling a liability expert, as long as the expert is made available for deposition.**

**Defendant states that pursuant to Fed.R.Civ.P. 33(a), Defendant's counsel properly signed and swore that the answers to interrogatories were true and contained**

all information available to the corporation.

Defendant contends that striking its pleadings is not justified under the circumstances of this case (DE # 39).

C. Plaintiff's Reply

Plaintiff's counsel replies that he does not believe that the Local Rules or Rule 37 require him to confer with counsel after receiving discovery, since he already conferred with counsel regarding defense counsel's request to respond to discovery in late August, 2007, after the due date of August 6, 2007. Plaintiff's counsel also contends that any conference would have been futile.

Plaintiff's counsel also agrees that defense counsel can sign interrogatories as an agent, but contends that counsel must provide all information available to the defendant, and that Defendant's counsel here has not done so (DE # 41).

III. Analysis

A. The Motion Will Not Be Struck For Violating The Local Rules

Initially, Plaintiff's counsel's reading of Local Rule 7.1 A. 3 is incorrect. He did have a duty to contact Defendant's counsel after receiving the discovery responses and before filing the instant motion in an attempt to resolve the issues raised in the motion. However, under the circumstances of this case it is clear that a conference with defense counsel would not have resolved the issues. Therefore, the undersigned will not strike Plaintiff's motion for failure to comply with Local Rule 7.1 A. 3.

B. Defendant's Untimely Disclosure of Its Expert Witnesses

Next, it is undisputed that Defendant untimely listed its two expert witnesses, Dr. Paul Meli, a medical expert, and Thomas E. Danti, a marine accident expert. The scheduling order states that Defendant must provide the names of its experts 120 days

**before the November 13, 2007 trial date, or by July 16, 2007, and must provide expert reports 110 days before the November 13, 2007 trial date, or by July 26, 2007. Defendant provided the names of its experts on August 29, 2007 (DE # 28). It is not clear whether Defendant has ever any provided expert reports.**

**At the hearing, Plaintiff withdrew the portion of his motion requesting that Dr. Meli be struck as an expert witness. In any event, the undersigned finds that Dr. Meli should not be struck as an expert witness, as Plaintiff's counsel was aware in early August 2007 of Dr. Meli's participation in this case, and because Dr. Meli could not provide an expert report or be deposed before he conducted the September 12, 2007 Independent Medical Examination of Plaintiff. In addition, as Plaintiff's witness list indicates that she will be calling her treating physicians at trial, it is reasonable for Defendant to call Dr. Meli as a medical expert who has examined Plaintiff. Therefore, the portion of Plaintiff's motion asking that Dr. Meli be struck as an expert witness is denied as moot.**

**However, Defendant has not provided any acceptable reason for not disclosing Danti as an expert witness until August 29, 2007, more than one month after the deadline, and for not providing an expert report at that time. Indeed, at the hearing, defense counsel stated that Defendant still does not have an expert report for Danti. The reason given by Defendant for its late disclosure of Danti, that it could not obtain any information concerning liability from the company that operated the Tender, is inadequate. The trial in this case is scheduled for mid-November 2007. Plaintiff has been prejudiced by Defendant's failure to timely disclose Danti as an expert witness and by Defendant's failure to provide an expert report of Danti. Therefore, Thomas E. Danti is struck as an expert witness for Defendant.**

5

C. <u>Defendant's Counsel Properly Answered Plaintiff's Interrogatories</u>

Next, Plaintiff objects generally to the fact that Defendant's attorney answered Plaintiff's interrogatories upon information and belief. At the hearing, the parties agreed that pursuant to Rule 33(a), Defendant's counsel may answer Plaintiff's interrogatories. Defendant agreed to amend its answers to interrogatories to state under oath that the interrogatories are answered truly and correctly, upon information and belief, after a diligent search for information by Defendant.

In the motion to compel, Plaintiff alleged that Defendant's counsel did not provide all information known to Defendant in the answers to interrogatories. Defendant is required to verify the completeness of the answers when the above verification is amended, and shall immediately supplement the answers if additional information is discovered.

D. <u>Specific Discovery Issues</u>

The undersigned will consider the disputed discovery requests one by one.

1. <u>Interrogatory 11 and Request For Production 16</u>

Interrogatory 11 asks Defendant to provide all facts upon which it relies for each affirmative defense. Request 16 asks Defendant for any documents which support and/or establish the basis for Defendant's version of how the incident occurred as alleged in Defendant's Answer to Interrogatories. In response to these requests, Defendant objects that the language of the Affirmative Defenses is all that Plaintiff is entitled to, and that providing responsive documents would invade privileged attorney work product.

Plaintiff specifically objects to Defendant's answers to Interrogatory 11 and Request 16. Defendant responds that the interrogatory and the request ask for attorney

work product and mental impressions.

The affirmative defenses are simply allegations and/or legal conclusions.  Plaintiff is entitled to know what facts in Defendant's possession support those allegations, and Defendant must produce any documents containing these facts.  In responding, Defendant need not provide any mental impressions of counsel or any of defense counsel's conclusions.  Defendant's objections are overruled.  Therefore, on or before October 17, 2007, Defendant must provide a better answer to Interrogatory 11 and a better response to Request 16.

2. <u>Request 1</u>

In Request for Production 1, Plaintiffs asked for the face sheet of all insurance policies indemnifying Defendant for its legal liability of a nature complained of by Plaintiff.  Defendant answered that it is self-insured, and that UK P&I Club provides indemnity above certain thresholds for amounts paid by Defendant.

Plaintiff asks that Defendant be ordered to produce the face sheet of the UK P&I Club policy.  Defendant responds that there is no insurance policy, and that UK P&I Club is not really an insurance company.  Plaintiff replies that UK P&I Club's website indicates that it is a mutual insurance company.  At the hearing, Defendant reiterated that Defendant does not have an insurance policy with UK P&I Club.

The motion to compel Defendant to provide the face sheet of its UK P&I Club is granted.  Defendant has not refuted the evidence provided by Plaintiff that the face sheet in question, or some documentation referencing the insurance and/or indemnification relationship between UK P&I Club and Defendant exists.  Therefore, the motion to compel a better response to Request 1 is granted.  On or before October 17, 2007, Defendant must provide any and all documentation in its possession, custody or

control referencing the insurance and/or indemnification relationship between UK P&I Club and Defendant.

    3. **Request 5**

In this request, Plaintiff asks for copies of all documents in Defendant's possession relating to the maintenance of the area where the accident occurred. Defendant answered that it had no such documents, and that it did not own or operate the Tender.

Plaintiff contends that Defendant controlled the Tender, and must have direct access to the requested records. Defendant responds that the Tender is owned and operated by an independent third party, and that Defendant does not possess any responsive documents.

As there is no evidence that Defendant possesses any responsive documents, the motion to compel a better response to Request 5 is denied.

    4. **Requests 6-9**

In Request 6, Plaintiff asks any documents or procedures regarding the transfer of passengers from Defendant's ship to any smaller boat or craft. In Request 7, Plaintiff asks for all instruction manuals, contracts agreements, records, reports or documents concerning the transportation of passengers from Defendant's cruise ship for island or on-shore excursion by any third party, contractor or vendor, alleged by Defendant to have been involved in the accident at issue. In Request 8, Plaintiff asks for all written rules, manuals, bulletins, movies, course materials or any other written material concerning the instruction given by Defendant to its employees, agents or independent contractors, concerning the issues of care, maintenance and safety for the area in question. In Request 9, Plaintiff asks for a copy of the safety manual, policy manual,

and/or written instructions given to employees or any other writings directed to employees regarding the performance of their employment duties and/or maintenance of the property referred to in the Complaint.  In its response, Defendant agreed to produce all the requested materials when they were received by Defendant's counsel.

In its response to the motion, Defendant stated that these documents have not been provided because Defendant is an Italian company, some of Defendant's employees are on vacation and the Costa Allegra is cruising in the China Sea.  Plaintiff notes that in today's world, it is much easier than heretofore to produce documents from Italy, or even from a vessel cruising in the China Sea.  At the hearing, Plaintiff stated that on September 28, 2007, Defendant provided a supplemental response, but that Plaintiff was not satisfied that all responsive documents had been produced.

The motion to compel Defendant to produce all documents responsive to Requests 6 through 9 is granted.  Defendant must produce these documents on or before October 17, 2007.  Defendant must also provide an affidavit from a corporate representative affirming that, after a careful and thorough search, Defendant has no other responsive documents or items within its possession, custody or control, and that Defendant has provided all contracts with the Tender company or with the Port Authority on Grand Cayman Island, and that no other contracts exist.

  5. <u>Request 11</u>

In this request, Plaintiff asks for copies of all photographs, blueprints, diagrams, layouts and any other pictorial representations of the scene of the accident.  Defendant answered that it had none, but that investigation and discovery continued.

Plaintiffs objects that no photographs have been produced.  Defendant states that it does not possess any responsive documents, that it has requested responsive

documents from the Tender's operator, but that it has not received any responsive documents. At the hearing, Defendant reiterated that it did not possess any responsive documents or items.

As Defendant states that it does not possess any documents responsive to this request, the motion to compel a better response to request for production 11 is denied. If Defendant obtains any responsive documents, it must provide them to Plaintiff immediately. Defendant's counsel stated on the record at the hearing that Defendant is aware of its obligation.

### 6. Requests 12, 13, and 17

In Request 12, Plaintiff asks for copies of the duty roster and/or W-2's of all of Defendant's employees for the 30 day period before the incident and for the day of the incident. In Request 13, Plaintiff asks for copies of all employment time cards on duty at the time of the incident. In Request 17, Plaintiff asks for all time cards, payroll records, employee records, job schedules and other documents which disclose the names, addresses and telephone numbers and position of who was working on Defendant's premises during the 48 hour period before and after the incident.

Defendant objected to these requests as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, stating that there were over 400 crewmembers aboard the Costa Allegra at the time of the incident.

Plaintiff states that Defendant has refused to provide information about eyewitnesses to the accident and will not give Plaintiff the information necessary to conduct her own search. In the alternative, Plaintiff asks that Defendant not be allowed to call any late discovered crewmember as a trial witness. Defendant responds that

there were 400 crewmembers working on the Costa Allegra at the time of the incident, and that providing the requested information would be overly burdensome. Defendant states that it has provided Plaintiff with the name of the ship's chief security officer, the ship's doctor, and the treating nurse, but that Plaintiff has not sought to secure their testimony.

The motion to compel better responses to requests for production 12, 13 and 17 is granted. On or before October 17, 2007, Defendant must provide Plaintiff with either a list or documents evidencing the names and present assignment, location and address of the crewmembers or the group of crewmembers of the Costa Allegra who were assigned to helping passengers get on tenders on the day of the incident. Due to the imminence of the trial, and the fact that the crewmembers at issue may be widely scattered across the world, the undersigned finds that there is good cause to produce any statements of these crewmembers over an objection of work product. Defendant's counsel asserted at the hearing that no statements of crewmembers exist, and that the incident report prepared by the vessel's Chief Security Officer does not contain the names of any crewmembers who were witnesses to the accident.

7. <u>Request 14</u>

In this request, Plaintiff asked for any documents relating to any similar incidents such as slip and fall incidents which have occurred on Defendant's ship or while transferring passengers from the Defendant's ship to a smaller boat for excursions, within the four year period prior to the incident within the two year period subsequent to the incident described in the Complaint.

Defendant objects to the word "similar", and objects to the request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of

admissible evidence. Defendant asserts that Plaintiff has not alleged any conditions which would be substantially similar to the conditions of the alleged accident, in that Plaintiff has not identified the precise area where the accident allegedly took place. Defendant also states that records are not retrievable because Defendant does not keep records by location or by type of accident.

Plaintiff contends that Defendant is arguing that Plaintiff cannot discover information about prior, similar accidents unless she can describe and identify the specific prior accidents. Plaintiff argues that Defendant's objection is unrealistic.

Defendant argues that the request is unduly burdensome as it is not limited to reported accidents, or to passengers aboard the vessels. Defendant also contends that it should not have to provide records regarding slip and falls aboard its vessels because Plaintiff fell on a Tender operated by an independent third party. Defendant also contends that it has no access to records of the independent third party. Finally, Defendant alleges that to comply with the request, it would have to review every accident reported on the Costa Allegra and upon the eleven sister vessels. Defendant states that the request is overbroad and that Plaintiff has not made any attempt to limit it.

The motion to compel a better response to request for production 14 is granted as limited. On or before October 17, 2007, Defendant must provide all documents in its possession, custody or control which relate to all slip and fall accidents occurring when a passenger was transferring from the Costa Allegra into a tender traveling to Grand Cayman Island. The time frame will be from four years before the incident in question until the present. Defendant may choose to keep its records regarding accidents in such a manner that they cannot easily be searched. This does not mean that it is unduly

burdensome for Defendant to produce those records in response to a relevant discovery request. Defendant's objection of undue burden is not sufficiently established, particularly with respect to the limited scope of this Order, and is overruled.

   8. <u>Request 18</u>

In this request, Plaintiff asked for all documents reflecting representations made to Plaintiff regarding any excursion or trips from Defendant's ship to any island or port while on the specific trip or cruise during which this incident occurred. Defendant responded that it had no responsive documents currently in its possession.

Plaintiff contend that this means Defendant keeps no records of its advertising, promotions or promotional materials. Defendant responds that the incident occurred in December 2005, and that the excursions change year by year. If Plaintiff want to have records pertaining to a particular excursion that Plaintiff was informed of, defense counsel could inquire to determine if such records are maintained.

At the hearing, Plaintiff stated that she needed the requested information to establish that Grand Cayman Island was a scheduled port for the cruise at issue, and that the Tender operation was not part of any side trip or excursion. Defendant agreed to stipulate to these facts. At the request of Plaintiff, Defendant agreed to put the stipulation in writing in lieu of a supplemental response to Request 18. Defendant must provide the stipulation on or before October 17, 2007.

   E. <u>Plaintiff's Request for Rule 37 Sanctions Is Denied</u>

For the reasons stated on the record at the hearing, Plaintiff's request for Rule 37 monetary sanctions is denied as not justified by the circumstances of this case.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion To Compel (DE # 33), is

**GRANTED in part**.  On or before October 17, 2007, Defendant shall provide to Plaintiff the information and documents as stated in the body of the Order.  It is further

**ORDERED AND ADJUDGED** that Plaintiff's request for Rule 37 sanctions (DE # 33), is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, on October 8, 2007.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Paul C. Huck
	United States District Judge
All counsel of record